JAMES L. LANGENDORFER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Langendorfer
Docket No. 15450-91
United States Tax Court
T.C. Memo 1992-357; 1992 Tax Ct. Memo LEXIS 378; 63 T.C.M. (CCH) 3173; June 23, 1992, Filed *378 An order and decision will be entered for respondent. James L. Langendorfer, pro se. Kevin M. Murphy, for respondent. PARR
PARR
MEMORANDUM OPINION PARR, Judge: This matter is before the Court on respondent's oral motion for summary judgment, made at the trial session held May 11, 1992, in Buffalo, New York. Respondent determined deficiencies and additions to petitioner's Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)
6653(b)(1)(A)
6653(b)(1)(B)
6654
1987
$ 44,831
--
$ 33,623
[1]
--
1988
16,998
$ 12,749
--
--
$ 1,087
1989
23,913
--
--
--
--
Additions to Tax
Sec.
Sec.
Year
6661
6663
1987
$ 11,208
--
1988
--
1989
--
$ 17,935
All section references are to the Internal Revenue Code in effect for the years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The issues for decision are: (1) Whether petitioner *379 underreported his income in the amounts determined by respondent for each of the years in issue; (2) whether petitioner is liable for additions to tax for failure to pay estimated income tax under section 6654 for 1988; (3) whether petitioner is liable for additions to tax for substantial understatement of Federal income tax under section 6661 for 1987; and (4) whether petitioner is liable for the addition to tax for fraud under section 6653(b)(1)(A) and (B) for 1987, section 6653(b) for 1988, and section 6663 for 1989. Procedural Background
The statutory notice of deficiency in this case was mailed to petitioner on April 17, 1991. Petitioner wrote a letter to the Court which was filed as an improper petition on July 11, 1991. Petitioner was ordered to file a proper petition and pay a filing fee, which he did on July 22, 1991. Respondent filed a pro forma answer (which the Court deemed an answer to amended petition) September 23, 1991. This answer did not contain any affirmative allegations of fraud. However, on October 18, 1991, respondent filed an amendment to answer to amended petition containing numerous detailed allegations concerning petitioner's unreported income *380 and fraud. On December 6, 1991, the Court served on the parties its notice setting case for trial at the trial session beginning May 11, 1992, in Buffalo, New York. Attached to the notice was our standing pretrial order. That order provides, in part, that all facts shall be stipulated to the maximum extent possible; that any unstipulated documents or materials which a party expects to use in the event of trial shall be identified in writing and exchanged by the parties at least 15 days before the first day of the trial session; that unless a basis of settlement has been reached each party shall prepare a trial memorandum and serve it on the opposing party not less than 15 days before the first day of the trial session; and that all witnesses shall be identified in the trial memorandum. The pretrial order states that if any unexcused failure to comply adversely affects the timing or conduct of the trial, the Court may impose appropriate sanctions including dismissal. On December 26, 1991, respondent moved for entry of order that undenied allegations in amendment to answer be deemed admitted under Rule 37(c). On December 30, 1991, we ordered petitioner to file a reply as required *381 by Rule 37(a) and (b) on or before January 31, 1992, and directed that if petitioner did not file such a reply we would grant respondent's motion. Petitioner did not file a reply, and on February 6, 1992, we ordered that the affirmative allegations of facts set forth in subparagraphs 7(a) through (ao) of respondent's amendment to answer are deemed to be admitted for purposes of this case. Petitioner did not meet with respondent to stipulate facts, file a trial memorandum, or otherwise comply with the standing pretrial order. When the case was called at the trial session on May 11, 1992, petitioner appeared pro se and asked for a continuance on the ground he wished to hire an attorney. No attorney appeared with him or has entered an appearance in this case. At the same time, respondent filed a motion to hold petitioner in default and for entry of decision. In her motion respondent alleged that petitioner did not intend to prosecute his case. Respondent further alleged that petitioner first informed respondent by telephone on May 7, 1992, that he intended to appear for trial and ask for a continuance on May 11, 1992. Inasmuch as petitioner did appear, and since respondent bears *382 the burden of proving fraud under Rule 142(b), we denied respondent's motion to hold petitioner in default. Respondent then orally moved for summary judgment based upon the allegations deemed admitted in her answer. We took this motion under advisement. We also took petitioner's motion for continuance under advisement, only in order to determine whether the deemed admissions are sufficient to establish fraud or whether a trial is required to resolve issues of material fact. Since we herein determine that the admissions are sufficient, petitioner's motion to continue will be denied. Deemed Admissions
The Commissioner may satisfy her burden of proving liability for the addition to tax for fraud with deemed admissions. , affg. in part, revg. in part, and remanding an Order of this Court; , affd. ; . Unreported Income
Based upon the deemed admissions, we find the following: the deficiency determined by respondent was based upon *383 a sources and application of funds calculation. During 1987, 1988, and 1989 petitioner derived taxable income from various sources, including the sale and distribution of narcotics, Schedule C income, rental income, New York State refunds, wages, and income from the sale of cars and theft of gasoline. Petitioner filed Federal income tax returns for 1987 and 1989. He failed to file a return for 1988. In 1987 and 1989 petitioner reported his income and expenses using the cash method of accounting on a calendar year basis. Petitioner reported a loss of $ 189 as his total income for 1987, and income of $ 4,886 in 1989. During 1987, 1988, and 1989 petitioner derived income from a business named James Langendorfer Sales in Hamburg, New York. He reported a net profit from this business in 1987 of $ 378 and in 1989 of $ 393. During 1987, 1988, and 1989 petitioner received supplemental income from rental property located at 5795 S. Abbott Road, Orchard Park, New York. During each of the years in issue petitioner derived taxable income from the sale of narcotics. Petitioner's narcotics sales were a cash business. On or about July 4, 1987, petitioner had $ 80,000 or $ 90,000 cash *384 in his dresser drawer. On the same day $ 82,000 cash was stolen from a safe in petitioner's house. This money was proceeds from sales of narcotics and used cars. During 1987, 1988, and 1989 petitioner received wages from working at various ski shops. During 1988 and 1989 petitioner derived taxable income from the theft of gasoline. Petitioner did not submit for examination by respondent complete and adequate records of his income-producing activities for the years in issue. Respondent determined petitioner's corrected taxable income for each of the years in issue by reference to the excess cash expenditures (applications) over the funds available to petitioner from known taxable and nontaxable sources. In making her determination, respondent used all available records, memoranda, and other information. At various times petitioner purchased or held property in the names of his mother and girlfriend. Petitioner received no gifts, inheritances, insurance proceeds, legacies, or other excludable or nontaxable gifts, loans, cash or assets during the taxable years 1987 through 1989 except for those sources which respondent took into account in the notice of deficiency and attachments *385 thereto. Petitioner, on December 31, 1986, did not own, possess, or have on hand any receipts, accumulated cash, funds, or other assets which were converted to cash during 1987, 1988, or 1989. The amount of petitioner's application of funds that exceeds his sources of funds during 1987 through 1989 constitutes taxable income to petitioner. . His corrected taxable income in 1987, 1988, and 1989 was at least $ 118,130, $ 47,335, and $ 67,635, respectively. Petitioner knowingly understated his taxable income by at least $ 118,319 ($ 118,130 plus the loss of $ 189 claimed) in 1987; $ 47,335 in 1988; and $ 62,749 ($ 67,635 less $ 4,886 shown on the return) in 1989. Petitioner's corrected income tax liability for the years 1987, 1988, and 1989, inclusive, is $ 44,831, $ 16,998, and $ 23,913, respectively. On his income tax returns for the years 1987 and 1989 petitioner falsely reported total tax liabilities of zero in each year, thereby knowingly creating an underpayment of tax required to be shown in the 1987 and 1989 returns in the amount of at least $ 44,831 and $ 23,913, respectively. Petitioner failed to file *386 his 1988 income tax return, thereby creating an underpayment of tax required to be shown on a return of at least $ 16,998. Respondent is therefore sustained in her determination of deficiencies as to 1987, 1988, and 1989. Section 6654 -- Underpayment of Estimated Tax, 1988
Section 6654(a) imposes an addition to tax for any underpayment of estimated tax by an individual. Petitioner did not file a return for 1988 and did not make any prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year. We therefore sustain the addition to tax for 1988. Section 6661 -- Substantial Understatement, 1987
Section 6661 provides for an addition to tax on any underpayment attributable to a "substantial understatement" of income tax. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. A substantial understatement exists for 1987, and petitioner has failed to show that the understatement should be reduced pursuant to the provisions of section 6661(b)(2)(B). We sustain the addition to tax for 1987. Fraud
Fraud is intentional wrongdoing *387 on the part of the taxpayer with specific intent to avoid tax known to be owing. , affg. . Respondent must prove fraud by clear and convincing evidence. Sec. 7454(a). To satisfy her burden of proof, respondent must show two things: (1) That an underpayment exists; and (2) that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. . Based on the above facts, we hold that respondent has shown an underpayment of taxes in each of the years in issue, by clear and convincing evidence. The intent to conceal or mislead may be inferred from a pattern of conduct. , but fraud cannot be inferred from a mere understatement of income, . A pattern of consistent understatement of income, however, is one indication of fraud; failure to keep proper records is another. See ; *388 ; . Failure to cooperate with the Internal Revenue Service, , affg. in part, revg. in part, and remanding an unreported Tax Court decision; income from an illegal source, ; ; and dealing in large amounts of cash, , are other badges of fraud. Petitioner failed to cooperate with the Internal Revenue Service, earned income from illegal sources, and dealt in large amounts of cash. Accordingly, based on these badges of fraud and the entire record, we find that respondent has proven petitioner's fraudulent intent by clear and convincing evidence. Therefore, for 1987, 1988, and 1989 petitioners are liable for the additions to tax for fraud. An order and decision will be entered for respondent. Footnotes
1. 50 perrcent of interest due on $ 44,831.↩